5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald E. TERMUNDE, Plaintiff-Appellant,
v.
MR. SCOVELL, Head of M.I.S.,[1] Defendant-Appellee.
 No. 92-4207.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ronald E. Termunde appeals from the district court's order adopting the report and recommendation of the magistrate judge, dismissing his complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff alleges that the requests of prison officials that he provide urine samples for random drug testing violate his constitutional rights under the Fifth Amendment. Plaintiff claims that the mandatory drug-testing program constitutes self-incrimination under custodial interrogation without benefit of Miranda warnings.[2]
 
 
 3
 Although Sec. 1915(d) permits an indigent pro se litigant to gain access to the court without payment of fees or costs, it also authorizes dismissal where a claim is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A dismissal under Sec. 1915(d) is discretionary and therefore, we review the district court's dismissal under an abuse of discretion standard. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 4
 Plaintiff, incarcerated in the Utah state prison system, filed his Sec. 1983 complaint, alleging that the prison's policy of random drug testing violates his constitutional rights under the Fifth Amendment. Plaintiff has consistently refused to produce a urine sample when requested to do so by prison officials, claiming that to comply would be coerced self-incrimination. His refusals have resulted in disciplinary isolation and loss of contact visit privileges.
 
 
 5
 Various courts have addressed the constitutionality of the privacy intrusion of forcing production of body fluids. See South Dakota v. Neville, 459 U.S. 553, 563 (1983) (holding Fifth Amendment values not hindered when suspect is offered choice of submitting to body fluid test or having his refusal to submit used against him); Schmerber v. California, 384 U.S. 757, 761 (1966) (holding withdrawal of blood for alcohol analysis is not "testimonial" or "communicative" and therefore does not violate Fifth Amendment privilege); Dunn v. White, 880 F.2d 1188, 1196 (10th Cir.1989) (holding mandatory testing for AIDS in prison does not violate prisoner's Fourth Amendment rights), cert. denied, 493 U.S. 1059 (1990); Forbes v. Trigg, 976 F.2d 308, 313 (7th Cir.1992) (upholding random drug testing in prisons as a reasonable and justified intrusion), cert. denied, 113 S.Ct. 1362 (1993); Spence v. Farrier, 807 F.2d 753, 755 (8th Cir.1986) (holding random drug testing in prison does not violate prisoner's Fourth Amendment rights).
 
 
 6
 Plaintiff presents no arguments in his appellate brief, but only incorporates by reference his arguments in his "Exparte Motion to Accept and Accompanying Memorandum" filed in the district court. Liberally construing plaintiff's brief, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we have reviewed the record and are satisfied that, in light of the well-settled law on the issue, the district court's dismissal of plaintiff's complaint as frivolous was not an abuse of the court's discretion.
 
 
 7
 Plaintiff's Motion for Leave to File a Supplemental Complaint is DENIED. We AFFIRM the district court's order dated October 30, 1992, dismissing plaintiff's complaint by adoption of the magistrate judge's report and recommendation dated October 6, 1992, substantially for the reasons set forth in such order and report and recommendation. The mandate shall issue forthwith.
 
 
 
 [1]
 The Utah Attorney General's office, responding appellee, claims that plaintiff's complaint was never served on defendant and that it is unaware of an employee of the Utah State Department of Corrections by the name of Scovell. Appellee filed an answer brief in this action at the request of the court. Appellee's Br. at 1 n. 1
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Insofar as plaintiff argues that he should be given Miranda warnings prior to the request for a urine sample, the law is well-settled that Miranda warnings are intended to insure that the Fifth Amendment's protections against self-incrimination are not violated. See Miranda v. Arizona, 384 U.S. 436, 444 (1966). However, Miranda warnings are not a constitutional right, and a failure to issue Miranda warnings cannot form the basis of a civil rights claim. See Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976) (failure to give Miranda warnings cannot subject police officer to liability under Civil Rights Act)